UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DR. SYLVIA REYES,

           Plaintiff,

     -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, and ALAN D. AVILES, as President
and Chief Executive Officer of Health and Hospitals
Corporation,

           Defendants.
------------------------------------------------------------X

MEMORANDUM AND
ORDER

10-CV-1606
(WFK) (JMA)

**KUNTZ, United States District Judge**

Plaintiff Sylvia Reyes ("Plaintiff") commenced this action on April 9, 2010 against Defendants New York City Health and Hospitals Corporation ("HHC") and Alan D. Aviles, as President and Chief Executive Officer of HHC, alleging interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* Plaintiff is a psychiatrist who was formerly employed by HHC at the Kings County Hospital Center ("KCHC"). Plaintiff alleges Defendants wrongfully denied her request for FMLA leave in the spring or summer of 2007 and wrongfully delayed approval of her request for FMLA leave in January 2010. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages to redress injuries she has suffered as a result of Defendants' alleged interference with her medical leave rights under the FMLA. Defendants now move for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, Defendants' motion is granted.

## I. Factual Background

Plaintiff was hired by HHC on November 21, 2004 as an attending physician and assigned to the Outpatient Behavior Health Unit at KCHC's East New York Diagnostic and Treatment Center ("East New York"). Defs.' Ex. B (Dep. of S. Reyes), Tr. 25:21–26:17. In March 2007, Plaintiff's father was diagnosed with prostate cancer. *Id.* at Tr. 45:8–17. Plaintiff alleges she submitted an application for leave under the FMLA in the spring or summer of 2007. *Id.* at Tr. 44:16–46:7; 48:16–50:25. Plaintiff did not retain copies of the application she submitted. *Id.* at Tr. 46:18–20. She does not recall the date she submitted the application, only that she applied sometime "[w]hen it was hot." *Id.* at Tr. 46:5–7. She does not recall the name of the physician who completed the requisite physician certification. *Id.* at Tr. 50:10–13. Plaintiff claims she was verbally advised by an individual named Sherry Ballenger that her request was denied because she failed to provide two weeks' notice. *Id.* at Tr. 45:8–12; 49:22–50:4.

Plaintiff did not use any FMLA leave in 2007. *Id.* at Tr. 71:16–73:25. Plaintiff did not incur any monetary expenses as a result of not taking FMLA leave in 2007. However, Plaintiff claims she lost five months in "time for the benefits and retirement" and was subjected to a three-month waiting period for her health insurance to become active again. *Id.* at 74:1–16.

During the summer of 2007, Plaintiff was reassigned to the East New York Assertive Community Treatment ("ACT") Team. Plaintiff was unhappy with this assignment and asked her union to intervene. Her union representative advised her that her options were to either take the ACT Team assignment or look for another job. *Id.* at Tr. 43:5–44:4. In September 2007, Plaintiff resigned from HHC to work for New York Medical College at Metropolitan Hospital as an ACT Team psychiatrist. *Id.* at Tr. 58:20–66:2. After working at Metropolitan Hospital for

approximately five months, Plaintiff reapplied for her prior position with HHC and returned to East New York in February 2008. *Id.* at Tr. 68:1–13. In October 2009, Plaintiff transferred from East New York to the Emergency Room at KCHC. *Id.* at Tr. 79:7–13; Defs.' Ex. K (Sept. 17, 2009 Memo re: Transfer of Duties). When Plaintiff transferred from East New York to KCHC, she was taken off direct-deposit and had to pick up her paychecks in person. Defs.' Ex. B, Tr. 101:25–102:9.

On December 24, 2009, HHC suspended Plaintiff for one month without pay pending a disciplinary conference concerning an incident on December 23, 2009. *Id.* at Tr. 76:7–25; Defs.' Exs. D (Dec. 24, 2009 Suspension Letter), E (Notice and St. of Charges). Plaintiff contacted her union about the disciplinary charges. Her union representative advised her to submit an application for FMLA leave, which she did on December 30, 2009. Defs.' Ex. B, Tr. 86:23–87:21, 92:13–94:20; Defs.' Exs. F (Dec. 30, 2009 Leave of Absence Form), G (Dec. 30, 2009 Request for FMLA Leave).

On January 7, 2010, Plaintiff's mother had a stroke. Defs.' Ex. B, Tr. 87:18–21. As a result, Plaintiff's disciplinary conference scheduled for January 8, 2010 was adjourned. *Id.* at Tr. 210:5–211:5. On January 20, 2010, Plaintiff submitted two separate FMLA physician certifications—one from her father's physician and one from her mother's physician. *Id.* at Tr. 98:2–11; Defs.' Exs. H (Certification of Physician for Francisco Reyes), I (Certification of Physician for Maria Estella Reyes).

Plaintiff received a letter dated January 28, 2010 stating her request for FMLA leave was approved for the period of January 23, 2010 to April 17, 2010. Defs.' Exs. B, Tr. 98:12–18, J (Jan. 28, 2010 Letter from P. Romain to S. Reyes). Plaintiff's one-month suspension ended on January 22, 2010. Her FMLA leave was approved to begin the following day. Defs.' Ex. B, Tr.

98:25–99:10. Plaintiff states she did not receive the January 28, 2010 letter until sometime in February 2010. *Id.* at Tr. 98:19–23. Nevertheless, HHC paid Plaintiff for the entire period she was on FMLA leave. Plaintiff states she did not receive the paychecks until some time in March or April 2010. *Id.* at Tr. 111:8–112:12.

Plaintiff returned to work on April 20, 2010. *Id.* at Tr. 244:7–245:2. Within two weeks, Plaintiff was involved in an incident concerning a patient who had ingested bleach. She was given another one-month suspension and was told she would be served with additional disciplinary charges. *Id.* at Tr. 115:20–119:3; 207:14–208:22; 229:15–20. While on suspension, Plaintiff was hired as an attending psychiatrist at the Sel Medical Group. *Id.* at Tr. 69:22–70:23. Plaintiff testified her salary at the Sel Medical Group was "a lot more" than she was earning at HHC, although the benefits "were not as great." *Id.* Plaintiff resigned from HHC on June 12, 2010. *Id.* at Tr. 69:22; 232:1–4.

## II. Standard Of Law

### A. Summary Judgment

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried. In determining whether summary judgment is appropriate, this Court will construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal citations and quotations omitted). No genuine issue of material fact exists "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263

4

F.3d 208, 212 (2d Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

To defeat a motion for summary judgment, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Rather, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." *Id.* (quoting Fed. R. Civ. P. 56(e)); *W. World Ins. Co. v. Stack Oil, Inc.*, 922 F.2d 118, 121 (2d Cir. 1990). Importantly, the non-moving party cannot defeat summary judgment with evidence consisting of mere conclusory allegations, speculation, or conjecture. *W. World*, 922 F.2d at 121. Although the non-moving party need not produce evidence in admissible form for trial to avoid summary judgment, the non-moving party cannot rest on the pleadings, but must set forth specific facts in the affidavits, depositions, answers to interrogatories, or admissions on file showing there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### B. Family Medical Leave Act

The FMLA entitles an "eligible employee" to twelve work weeks of leave during a twelve-month period "to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition" making the employee unable to perform the functions of her employment. 29 U.S.C. § 2612(a)(1)(C). To ensure the availability of these rights, the FMLA makes it illegal for employers to: (1) "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the FMLA; or (2) "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the FMLA. 29 U.S.C. § 2615(a); *see also Di Giovanna v. Beth Isr.*

*Med. Ctr.*, 651 F. Supp. 2d 193, 198 (S.D.N.Y. 2009) (Kaplan, J.) ("Interfering with, restraining or denying an employee's rights under the FMLA is unlawful.").

To bring a successful entitlement claim under the FMLA, the employee must demonstrate "(1) that the employer interfered with, restrained, or denied the rights protected by the FMLA, and (2) that the employee has been prejudiced by the violation." *Roberts v. Health Ass'n*, 308 F. App'x. 568, 569 (2d Cir. 2009) (citing *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). To state a *prima facie* interference claim, a plaintiff must show (1) she was an eligible employee under the FMLA; (2) the defendant is an employer under the FMLA; (3) she is entitled to leave under the FMLA; (4) she gave notice to the defendant of her intention to take leave; and (5) she was denied the benefits to which she was entitled under the FMLA. *Brown v. Pension Bds.*, 488 F. Supp. 2d 395, 408 (S.D.N.Y. 2007) (Sweet, J.). Employers who violate § 2615 are liable to any eligible employee for "any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation," 29 U.S.C. § 2617(a)(1)(A)(i)(I), in addition to interest, liquidated damages in the case of willful violations, and other equitable relief, including reinstatement, *id.* at § 2617(a).

### III. Discussion

#### A. Plaintiff's First Alleged Request For FMLA Leave Is Time-Barred

Plaintiff claims she applied for FMLA leave in the spring or summer of 2007, and her request was verbally denied for failure to provide two weeks' notice. A claim based on an alleged FMLA violation must be brought within two years of the violation, unless the alleged violation was willful, in which case the claim must be brought within three years. 29 U.S.C. § 2617(c). The FMLA does not define the term "willful," but the Second Circuit has held that an employer acts willfully when it knows its conduct is prohibited by the FMLA, or when it acts

with reckless disregard of that fact. *Porter v. N.Y. Univ. Sch. of Law,* 392 F.3d 530, 531 (2d Cir. 2004) (*per curiam*) (internal quotations and alteration omitted). Conversely, a violation is not willful if the employer acts reasonably, or unreasonably but not recklessly, in determining its legal obligations pursuant to the FMLA. *Id.* at 531–32; *see Mitchell v. N.Y.C Police Dep't,* No. 10-CV-3201, 2010 WL 5313531, at *2 (E.D.N.Y. Dec. 17, 2010) (Gleeson, J.).

Plaintiff provides no documentation of her request or its subsequent denial, nor does she recall the date of either. Other than Plaintiff's own testimony, the record is void of specific facts as to Plaintiff's 2007 request for FMLA leave. Even assuming Plaintiff did make a formal request for FMLA leave in 2007, the Court must nonetheless dismiss her claim as time-barred because the alleged violation occurred more than two years before Plaintiff filed this action on April 9, 2010. *See* 29 U.S.C. § 2617(c).

Plaintiff sets forth no facts to demonstrate Defendants' conduct was "willful." In fact, Plaintiff admits that, to date, she "has not yet had the opportunity to demonstrate a factual showing of willfulness." Pl.'s Opp'n, at 3. In the alternative, Plaintiff argues Defendants' actions "rise to the level of reckless disregard." *Id.* "Reckless disregard . . . involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." *Clarke v. JPMorgan Chase Bank, N.A.,* No. 08-CV-2400, 2010 WL 1379778, at *10 (S.D.N.Y. Mar. 26, 2010) (McMahon, J.) (internal citation omitted). Plaintiff has not provided evidence Defendants had actual knowledge they were violating the FMLA. Likewise, Plaintiff has not provided evidence Defendants disregarded their obligations under the FMLA.

Plaintiff does not dispute her action is time-barred if the Court determines that a two-year statute of limitations period applies. Pl.'s Mem. of Law in Opp'n to Defs.' Mot. for Summ. J. ("Pl.'s Opp'n"), at 2. Rather, Plaintiff asks the Court to conduct a hearing on the merits to

determine whether Defendants' conduct amounted to a level of willfulness necessitating the application of a three-year statute of limitations. Plaintiff has failed to cite to any facts that would support a finding of Defendant's conduct as willful, and therefore has failed to show there is a genuine issue for trial. Therefore, the Court dismisses as time-barred Plaintiff's claim that she was wrongfully denied FMLA leave in the spring or summer of 2007.

### B. Plaintiff Has Not Been Prejudiced By The Alleged Violations

Defendants argue Plaintiff's FMLA claims must be dismissed because Plaintiff has not demonstrated she has been prejudiced by the purported violations. To prevail on a claim under the FMLA, Plaintiff must show Defendants interfered with the exercise of her FMLA rights and that she suffered some injury by reason of the violation. 29 U.S.C. §§ 2615, 2617. The FMLA provides for compensatory damages equal to the amount of wages, salary, employment benefits, or other compensation the employee was denied or lost. *Id.* at § 2617(a)(1)(A)(i)(I). If the employee was not denied or did not suffer a loss of income, the employee may recover other actual monetary losses that directly resulted from the violation. *Id.* at § 2617(a)(1)(A)(i)(II). Here, Plaintiff does not allege she suffered any diminution of income or incurred any financial injury recoverable pursuant to § 2617.

Plaintiff admits she "actually did not lose salary" or incur any expenses as a result of not taking FMLA leave in 2007. Defs.' Ex. B, Tr. 74:1–6. Rather, she asserts "she did in fact lose 5 months in 'time for the benefits and retirement' as well as a three month waiting period for her health insurance to become active again." Pl.'s Resp. to Defs.' St. of Undisputed Facts Pursuant to Local Rule 56.1(b) ("Pl.'s 56.1"), at ¶ 8. Plaintiff's assertion does not constitute financial harm under the FMLA. Furthermore, Plaintiff herself testified the loss of five months service credit towards her HHC retirement benefit and the three-month waiting period for health

8

insurance were a direct result of her resignation from HHC to work for New York Medical College at Metropolitan Hospital. Defs.' Ex. B, Tr. 74:1–75:21. The injury she alleges is neither compensable under the FMLA, nor connected to her request for FMLA leave in 2007.

Additionally, HHC paid Plaintiff for the entire period she was on FMLA leave between January 23, 2010 to April 17, 2010. She did not incur any loss in wages, salary, employment benefits, or other compensation. *Id.* at Tr. 111:16–113:8. Plaintiff did not lose her job, a promotion, or any other employment opportunity as a result of the alleged violation, and therefore is not entitled to any equitable relief. There is categorically no evidence Plaintiff suffered any financial injury or harm as a result of her FMLA leave in 2010. *See Roberts v. Health Ass'n*, 308 F. App'x. 568, 570 (2d Cir. 2009) ("Although [plaintiff] can likely show that [defendant] interfered with her FMLA rights, because there is no evidence that the violation was prejudicial, the District Court did not err in dismissing her [FMLA] claim."); *Alessi v. Monroe Cnty.*, No. 07-CV-6163, 2010 WL 161488, at *7 (W.D.N.Y. Jan. 13, 2010) (An "employee can only recover to the extent that the [FMLA] violation caused him injury."). In fact, Plaintiff admits she has not presented evidence of injury, stating "[w]hile Plaintiff to date may have been unable to demonstrate any lost wages, she can and will demonstrate costs of care incurred as result of Defendants [sic] conduct." Pl.'s Opp'n, at 3. Plaintiff misunderstands the standard of review on a motion for summary judgment. Plaintiff's speculation does not raise a genuine issue of material fact because she provides absolutely no concrete facts to demonstrate she suffered prejudice from the alleged violations.

Finally, to the extent Plaintiff seeks recovery of damages for non-pecuniary losses or punitive damages under the FMLA, Compl. at ¶ 41, "[c]ourts both within and outside the Second Circuit have generally denied recovery for pain and suffering, emotional distress, or physical

injury suffered as a result of an FMLA violation because the FMLA specifically lists the types of damages that an employer may be liable for, and it includes damages only insofar as they are the actual monetary losses of the employee such as salary and benefits and certain liquidated damages." *Cooper v. N.Y. State Nurses Ass'n*, 847 F. Supp. 2d 437, 452 (E.D.N.Y. 2012) (Hurley, J.) (internal quotations and citations omitted). Additionally, "punitive damages are not available under [the] FMLA." *Roff v. Low Surgical & Med. Supply, Inc.*, No. 03-CV-3655, 2004 WL 5544995, at *10 (E.D.N.Y. Mar. 11, 2004) (Feurstein, J.) (internal citation omitted). Accordingly, the Court dismisses Plaintiff's FMLA claims because Plaintiff did not suffer any prejudice as required for recovery on an FMLA claim.

### IV. Conclusion

Defendants have made a *prima facie* showing of entitlement to judgment as a matter of law. Plaintiff failed to raise a triable issue of fact. Plaintiff's first FMLA claim arising out of her request for FMLA leave in 2007 is time-barred, and Plaintiff suffered no prejudice as a result of the alleged FMLA violations in 2007 and in 2010. Accordingly, this Court GRANTS summary judgment in favor of Defendants and DISMISSES the complaint in its entirety with prejudice.

### SO ORDERED

Dated: Brooklyn, New York
       August 29, 2012

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge